Anthony J. LUCERO, Petitioner–
Appellant,

v.

Dareld L. KERBY; Attorney General
of the State of New Mexico,
Respondents–Appellees.

No. 93–2014.

United States Court of Appeals,
Tenth Circuit.

Oct. 26, 1993.

Mary Y.C. Han, Albuquerque, NM, for petitioner-appellant.

Tom Udall, Atty. Gen. and Gail MacQuesten, Asst. Atty. Gen., Santa Fe, NM, for respondents-appellees.

Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,* District Judge.

SEYMOUR, Circuit Judge.

Petitioner Anthony J. Lucero appeals from the district court's order adopting the magistrate judge's amended proposed findings and recommended disposition. The court granted petitioner an additional 52 days of credit for previous time served but otherwise dismissed his petition for habeas relief filed under 28 U.S.C. § 2254. We exercise jurisdiction under 28 U.S.C. § 2253, affirm in part, reverse in part, and remand for an evidentiary hearing on the number of days petitioner actually served on his original sentence.[1]

Following the burglary of a pawn shop on September 2, 1985, petitioner was arrested and indicted for the crimes of aggravated burglary, possession of burglary tools, larceny, conspiracy to commit larceny, and contributing to the delinquency of a minor. In August 1986, petitioner entered into a plea agreement with the State of New Mexico specifying that he would plead guilty to aggravated burglary and admit to two previous burglary convictions. Rec., vol. 1, doc. 8, at exh. B. In addition, the plea agreement provided the following:

> 1. No more severe than the following disposition will be made of the charge: as prescribed by law. *Incarceration* on the AGGRAVATED BURGLARY *not to ex-ceed* three (3) years, plus one (1) year on the Habitual for a total of *four (4) years.*
>
> . . . .
>
> I fully understand that if, as a part of this agreement, I am granted probation, a suspended sentence, or a deferred sentence by the Court, the terms and conditions thereof are subject to modification in the event I violate any of the terms or conditions imposed.

*Id.* at exh. B, at 2, 4 (emphasis added).

Petitioner was sentenced on August 29, 1986, to one year of incarceration as a "second habitual offender", and to a nine-year suspended sentence on the aggravated burglary charge on the condition that he serve four years probation upon his release from incarceration. *Id.* at exh. C., at 2. He did not object to the sentence.

Petitioner was released on probation on November 6, 1986. *See id.* at exh. O (showing release date). He violated the terms of his probation in 1988, and the court revoked his probation after a hearing. He was sentenced on the probation violation to the nine years' incarceration that was originally suspended, plus one additional year for being a "second habitual offender." *Id.* at exh. A. He was given credit for 313 days served on the original sentence. *Id.* at exh. A.

Petitioner filed this habeas action contending that (1) the ten-year sentence imposed in 1988 was not what he bargained for when he entered his guilty plea in 1986 based on the plea agreement that provided for a maximum of four years of incarceration; (2) his attorney at his 1986 sentencing was ineffective by not advising him of his right to withdraw his guilty plea; (3) he was entitled to an additional 52 days credit for the time he served on the original one-year sentence. The action was referred to a magistrate who determined that petitioner was entitled to the 52 additional days of credit but otherwise recommended against granting relief.

---

* Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner filed objections with the district court. He contended for the first time on the record that he had been in continuous custody on the first sentence from September 2, 1985 to November 6, 1986, thereby entitling him to 117 days credit rather than just the 52 days he originally requested. Without disagreeing that petitioner was entitled to 117 days, the State merely asserted that petitioner had only asked for 52 days in his petition. The district court summarily affirmed the magistrate's recommendations. Petitioner raises the same issues on appeal, and contends in addition that the district court erred by failing to hold an evidentiary hearing.

■ Because the facts relevant to the first issue are not disputed, the question whether petitioner's plea agreement was violated is one of law that we review de novo. *United States v. Shorteeth*, 887 F.2d 253, 256 (10th Cir.1989) (citing *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir.1989)). "We must construe the plea agreement according to what [petitioner] 'reasonably understood' when he entered his plea." *United States v. Hand*, 913 F.2d 854, 856 (10th Cir. 1990) (quoting *Shorteeth*, 887 F.2d at 256).

■ The plea agreement provides that petitioner's "incarceration" was not to exceed four years. As we have noted, he was in fact sentenced to one year incarceration, with the remainder of his sentence suspended and probation granted. Had he not violated his probation, his total term of incarceration would have been one year. The plea agreement also makes clear petitioner's awareness that he would be subject to future incarceration if he violated the conditions of probation.

At petitioner's sentencing, his counsel asked the court to sentence petitioner to the one year mandatory sentence as a habitual offender and to place him on probation for five years. Sentencing, 8/29/86, tape 2/289. If petitioner and his counsel believed the four year cap applied to probation as well as actual incarceration, they would not have asked for the six year sentence. The fact that petitioner did not complain about his sentence originally or at the time his probation was revoked also lends credence to the conclusion that he reasonably believed the

plea agreement's limitation of incarceration to four years or less applied only to his initial sentence, not to his subsequent probation violation sentence. *Cf. Gammarano v. United States*, 732 F.2d 273, 275–76 (2d Cir.1984) (holding record "overwhelmingly indicate[d]" petitioner was concerned with limited incarceration under plea agreement, not term of probation challenged later). We believe the district court correctly concluded that the sentencing court's original sentence honored the terms of the plea agreement.

■ Because we hold that petitioner's sentence did not violate his plea agreement, it follows that trial counsel had no basis upon which to advise petitioner to withdraw his plea. Therefore, trial counsel's failure to advise petitioner of his right to withdraw the plea did not constitute ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir.1989).

■ The district court did not abuse its discretion in failing to hold an evidentiary hearing in connection with petitioner's first two arguments. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991) (failure to hold hearing reviewed for abuse of discretion). A habeas petitioner is entitled to a hearing if he alleges facts, which if proved, would entitle him to relief, and he did not receive a full and fair hearing in the state court. *Church v. Sullivan*, 942 F.2d 1501, 1510 (10th Cir.1991). The district court correctly determined from the record that petitioner was not entitled to relief on his first two issues. A hearing would have served no purpose.

■ We remand, however, for a hearing to determine how much credit petitioner is due for time served on his original sentence. Petitioner asserts he was in continuous custody from September 2, 1985, until November 6, 1986—a period of 430 days. Since he was credited with only 313 days of service on the original one-year sentence, petitioner requests credit for an additional 117 days of confinement. The State objects to petitioner's appeal on this issue only because he

specified in the petition that he was seeking 52 days additional credit. His request for a credit of 117 days appeared for the first time in his objections to the magistrate judge's amended proposed findings and recommended disposition, *see* rec., vol. 1, doc. 28, although it is apparent from Respondent's Supplemental Memorandum Brief below that both the State and the magistrate were apprised before the magistrate ruled that petitioner was actually claiming more than 52 days, *see id.*, doc. 21.[2]

Evidence in the record supports petitioner's asserted release date of November 6, 1986, *see id.*, doc. 8, at exh. O, although there appears to be no evidence of his arrest date. The State concedes that petitioner is entitled to more credit than the 313 days with which he has been credited, and neither admits nor denies the asserted, or indeed, *any* dates of confinement. Petitioner was pro se at the time he filed his petition. Even though petitioner's counsel did not explain the change in the relief requested or seek to amend the petition, there is a significant liberty interest involved here and the State surely has access to records which will easily resolve the matter. The allegations have sufficient support in the record to call for a hearing to determine the truth.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part, REVERSED in part, and REMANDED for additional proceedings consistent with this opinion.

---

**2.** The State asserted in its supplemental brief that petitioner had declined to stipulate to an additional 52 days because he believed he was entitled to more. The State was unsure of petitioner's theory and suggested that "[i]f the court is unclear on what the issue is, respondent suggests that the court conduct an evidentiary hearing." Rec., vol. I, doc. 21 at 4.