UNITED STATES COURT OF APPEALS
**Filed 8/14/96**
FOR THE TENTH CIRCUIT

ANTHONY J. LUCERO,

        Petitioner-Appellant,

v.

JOHN SHANKS, Warden of Central
New Mexico Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 95-2220
(D.C. No. CIV 90-981-JC)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellant Anthony J. Lucero appeals from an order of the district court that denied his motion to enforce order, for order to show cause and for sanctions, and found that appellant's release-from-parole date is October 18, 1996.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

This is a dispute about good time credits arising out of appellant's petition for writ of habeas corpus under 28 U.S.C. § 2254.  On a previous appeal, a panel of this court remanded for a determination of appellant's entitlement to credit for time served, thinking "the State [of New Mexico] surely has access to records which will easily resolve the matter."  Lucero v. Kerby, 7 F.3d 1520, 1523 (10th Cir. 1993).  Apparently it was not that simple.  The Bernalillo County Detention Center's records on appellant were missing, R. Doc. 48 aff. 1 at 4-5, and appellant had been in the custody of the New Mexico Department of Corrections (DOC) for only forty-three days, see id. aff. 1 at 6.  After some more wrangling, however, the parties stipulated that appellant should be given credit for ninety-six additional days, plus good time credits against that time.  Id. Doc. 40 at 1.  Based on their stipulation, the magistrate judge entered an order which read, in part: "[T]he New Mexico Department of Corrections shall recalculate Petitioner Lucero's discharge date on [his original sentence] to reflect the additional 96 days

-2-

served, and any credits awarded by the Department on those 96 days." Id. Doc. 41 at 1. Neither the stipulation, nor the magistrate judge's order based on it, specified how much good time credit that would be. The DOC submitted its recalculation of appellant's sentence to the court, which accepted it and dismissed appellant's habeas petition with prejudice. See id. Doc. 43.

Appellant then filed his motion to enforce order, for order to show cause, and for sanctions, urging the district court to hold the State in civil contempt for failing to comply with the stipulation and order with respect to appellant's good time credits. The State found while preparing its response to this motion that although it had determined that appellant was entitled to twenty-seven days' good time credit for the forty-three days he had spent in DOC custody, it had inadvertently failed to transfer those twenty-seven days from one worksheet to another, and so had not included them in its calculation of appellant's release-from-prison date. Unfortunately, appellant had already been released from prison by that time, so the State responded to its mistake by changing appellant's release-from-parole date from November 16 to October 18, 1996. The magistrate judge recommended that the motion to enforce order be held moot and that sanctions be denied because the State's mistake was bona fide. The district court adopted that recommendation.

On appeal, appellant argues that: (1) the district court abused it discretion in denying his motion for sanctions, see Reliance Ins. Co. v. Mast Constr. Co., 84 F.3d 372, 375 (10th Cir. 1996)(adjudication of civil contempt reviewed for abuse of discretion); and, as a result, (2) the magistrate judge erred in finding that his release-from-parole date is October 18, 1996.

We find no error or abuse of discretion. The purpose of a motion for civil contempt is to coerce compliance with a court's order and to compensate the moving party for losses caused by noncompliance. NLRB v. Monfort, Inc., 29 F.3d 525, 528 (10th Cir. 1994). Under state law, the DOC can award good time credits only against time spent in DOC custody. State v. Aqui, 721 P.2d 771, 775 (N.M.), cert. denied, 479 U.S. 917 (1986). For this reason, appellant's argument that the State stipulated that he is entitled to forty-eight days' good time credit against forty-three days' actual custody is unpersuasive. Therefore, once the State found its twenty-seven day mistake in calculating appellant's good time credits and adjusted appellant's release-from-parole date accordingly, the motion was mooted. In addition, the record supports the district court's finding that the State's mistake was bona fide. See Robin Woods Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994)(holding inadvertent violation of court order will not support finding of civil contempt). Appellant did not demonstrate actual damages warranting compensation from his inadvertently prolonged incarceration. See

Reliance Ins. Co., 84 F.3d at 377. It follows that the magistrate did not err in determining that appellant's release-from-parole date is October 18, 1996.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge