**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

COMMIE R. BRITTON, a/k/a Commie
Robert Britton,

    Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Central New
Mexico Correctional Facility; ATTORNEY
GENERAL, STATE OF NEW MEXICO,

    Respondents-Appellees.

No. 99-2062
(N.M.)
(D.Ct. No. CIV-98-492-JP/LFG)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Commie Robert Britton, appearing *pro se*, requests a certificate of appealability to appeal the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. Because Mr. Britton fails to make "a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss his appeal.

Mr. Britton pled guilty to his fourth incident of driving under the influence of intoxicating liquor – a fourth-degree felony under N.M. Stat. Ann. § 66-8-102(G). The trial court sentenced him to eighteen months in prison followed by a one-year term of parole. He did not file a direct appeal but later filed a habeas petition, which the state district court denied. The state supreme court subsequently denied his certificate for certiorari. Mr. Britton then filed his § 2254 petition in federal district court, claiming: (1) the state court denied him a full and fair hearing on his habeas petition; (2) the New Mexico Department of Corrections improperly denied him good-time credit for the first six months of his sentence and imposed a parole period contrary to New Mexico law; and (3) the New Mexico legislature did not intend to punish a fourth violation of driving while under the influence of intoxicating liquor offense as a felony, but as a misdemeanor.

The district court referred the petition to a federal magistrate judge who, after a review of New Mexico statutory and case law, concluded Mr. Britton was not entitled to federal habeas relief because his sentence comported with New Mexico law. Specifically, the magistrate judge noted the New Mexico legislature clearly sought to confer fourth-degree felony status on the fourth and subsequent driving while under the influence of intoxicating liquor convictions and mandated that those sentenced serve a term of parole. The magistrate judge further determined Mr. Britton possessed no independent constitutional liberty interest in the New Mexico good-time credit scheme, which, under the interpretation of the New Mexico Corrections Department, does not allow those convicted of a fourth violation of driving while under the influence to earn good-time credit in the first six months of incarceration. The district court adopted the magistrate judge's findings and recommendations and dismissed the appeal.

Mr. Britton appeals, alleging the district courted erred because it: (1) did not grant him a federal evidentiary hearing; (2) failed to recognize a fundamental constitutional error in his sentence; (3) accepted established state court interpretation of state statutes and case law concerning sentencing; and (4) determined the New Mexico Department of Corrections' interpretation of N.M. Stat. Ann. § 66-8-102(G) is correct.

We review the legal basis for the district court's dismissal of Mr. Britton's § 2254 petition *de novo*. *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998). We review the district court's failure to hold a hearing on a habeas petition for abuse of discretion. *See Lucero v. Kerby*, 7 F.3d 1520, 1522 (10th Cir. 1993).

With these standards in mind, we conduct a *de novo* review of Mr. Britton's request for a certificate of appealability, his brief on appeal, the magistrate judge's Report and Recommendation, and the entire record on appeal. We conclude Mr. Britton fails to demonstrate the district court's disposition of his § 2254 motion is debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983). In addition, because Mr. Britton has not alleged facts which, if proved, would entitle him to relief, the district court did not abuse its discretion in not holding an evidentiary hearing. *Lucero*, 7 F.3d at 1522. Therefore, we deny Mr. Britton's request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge