Marcelino **PEREA VELASQUEZ,**
Appellant,

v.

**J. C. TAYLOR,** Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7782.

United States Court of Appeals
Tenth Circuit.

Oct. 1, 1964.

---

Submitted on briefs by appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

Velasquez is confined in the United States Penitentiary at Leavenworth, Kansas serving sentences aggregating 12 years. He brought this habeas corpus proceeding alleging that he has served his sentences and is entitled to be released. This is an appeal from a judgment discharging the writ and remanding petitioner to the custody of the respondent Warden.

On September 21, 1956 Velasquez was sentenced in the United States District Court for the District of New Mexico to serve consecutively two 5-year sentences for violation of the Federal Narcotics laws. While serving those sentences at the Federal Correctional Institution at LaTuna, Texas he escaped and was later sentenced by the United States District Court for the Western District of Texas to serve two years for violation of the Federal Escape Act. 18 U.S.C. § 751. The Texas judgment and sentence made reference to the sentence which Velasquez was serving at the time of his escape as "a sentence of ten years on a felony charge * * *," and provided that the sentence for escape was "to run consecutively with the one defendant is now serving * * *." At the time of the last sentence the total time served by Velasquez did not equal that required for the first five year sentence.

It is contended that the two year sentence for escape provided that it was to run consecutively only with the first five year sentence and that it would run concurrently with the second five year sentence. The net result of appellant's contention would be an aggregate sentence of ten years, rather than twelve. However, it is quite obvious that the Texas court treated the New Mexico sentences as aggregating ten years, and intended that the two year sentence for escape be served in addition to that aggregate sentence. The situation is not unlike that of Scarponi v. United States, 10 Cir., 313 F. 2d 950.

Affirmed.