36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nolan Charles MUNIZ, Petitioner-Appellant,
v.
WYOMING ATTORNEY GENERAL and Wyoming Department of
Corrections State Penitentiary Warden, aka Duane
Shillinger, Respondents-Appellees.
 No. 94-8021.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of a pro se application for a writ of habeas corpus under 28 U.S.C. 2254. We conclude the district court did not err and affirm its judgment.
 
 
 3
 The essential issues for our review are whether the district court correctly concluded petitioner failed to establish he was denied the effective assistance of counsel at trial and on appeal. Petitioner also contends the district court denied him effective assistance during the habeas proceeding when it would not allow a fellow inmate to assist him as pro se counsel. Claiming the district court failed to consider these and other issues, petitioner seeks reversal.[2]
 
 
 4
 Petitioner was convicted of attempted first degree sexual assault and sentenced to a term of ten to fifteen years in the Wyoming State Penitentiary. After appealing his conviction and attempting post-conviction relief in state court, he filed a petition for a writ of habeas corpus in the United States District Court for the District of Wyoming.
 
 
 5
 In his petition, Mr. Muniz contended he was denied the effective assistance of counsel during trial and on appeal. Also urged, but not raised in this appeal, were contentions he was deprived of his right to be present at all critical stages of the trial; the right to testify, and the right to a speedy trial.
 
 
 6
 After reference to a Magistrate Judge, who conducted several proceedings and ultimately recommended the petition be denied for procedural default, the district court conducted its independent review of the state record. Following an extremely thorough examination of the default issue, the court concluded the petition was not barred. Nonetheless, it ruled petitioner was not entitled to relief.[3]
 
 
 7
 The court held petitioner had failed to demonstrate his retained counsel's representation did not violate the standard established in Strickland v. Washington, 466 U.S. 668 (1984). The court made particular findings enumerating various acts of counsel which achieved favorable rulings for petitioner, including successfully defending against one of the charges levied against him. The court found one of petitioner's contentions that counsel failed to call certain witnesses resulted from a tactical decision and, further, that the testimony of additional witnesses petitioner contended should have been called would not have aided the defense. The court also examined counsel's performance on appeal and agreed with the state appellate court that counsel chose the issues to be appealed and the decision was another tactical decision.
 
 
 8
 In this appeal, petitioner has not demonstrated the factual findings of the district court are clearly erroneous, and we are thus bound by those findings. United States v. Haddock, 12 F.3d 950, 955 (10th Cir.1993). Our de novo review of the legal question of adequacy leaves us in full agreement with the district court. There is simply no showing counsel's performance at trial or on appeal violated "prevailing professional norms," or there is a "reasonable probability" the outcome would have been different if the matters of which petitioner complains were not performed. Id. (quoting Strickland, 466 U.S. at 688, 694).
 
 
 9
 Finally, petitioner's contention he should have been permitted the assistance of a fellow prisoner is without merit. The district court cannot permit an unlicensed person to appear for another in a representative capacity. Moreover, unless an evidentiary hearing is required, the appointment of counsel in a habeas corpus action is within the trial court's discretion. Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir.1994). In this case, because the issue of counsel's performance was resolved on the state record, an evidentiary hearing was not required. Lucero v. Kerby, 7 F.3d 1520, 1522 (10th Cir.1993).
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In its dispositional order, the district court refused to accept the recommendation of the magistrate judge to hold the petitioner was estopped from raising these issues because of procedural bar. The propriety of that decision has not been appealed and is not before us
 
 
 [3]
 Despite petitioner's assertion the district court failed to consider all of his issues, we find the contrary true