**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT ALLEN WARD,

     Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

     Respondents-Appellees.

No. 97-2041
(D.C. No. CIV-96-470-LH)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert Allen Ward, appearing *pro se*, appeals from an order of the United States District Court for the District of New Mexico dismissing with prejudice his petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] We review the distirct court's dismissl of a habeas petition *de novo*. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). We have concluded the sentencing issues raised in Mr. Ward's petition cannot be decided on the basis of the existing appellate record.[2] Therefore, we vacate the decision of the district court and remand the case for an evidentiary hearing to develop the record.

---

[1] In a separate motion to the court, Mr. Ward has requested oral argument. Mr. Ward's motion is denied.

[2] The district court denied Mr. Ward's motion for a certificate of appealability on March 24, 1997. This court subsequently held the certificate of appealability requirement of the Antiterrorism and Effective Death Penalty Act of 1996 applied only to § 2254 petitions filed in the district court after the April 24, 1996 effective date of the Act. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Since Mr. Ward's petition was filed in the district court on April 9, 1996, no certificate of appealability is required. Therefore, we construe Mr. Ward's appeal as a request for a certificate of probable cause. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1090 n.1 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1855 (1996). A certificate of probable cause will be granted only if petitioner makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." *Gallagher v. Hannigan*, 24 F.3d 68, 68 (10th Cir. 1994). Having reviewed the record in this case, we conclude Mr. Ward has made the required substantial showing of the denial of a federal right, hence, we now issue a certificate of probable cause.

## Background

From approximately November 1990 through February 1991, Mr. Ward committed a variety of felonies under New Mexico state law. On September 13, 1991, the Eleventh Judicial District Court entered judgment and sentence in *State v. Ward*, Nos. CR-91-103-1 (commercial burglary *et. al.*), CR-91-326-1 (commercial burglary), CR-91-327-1 (residential burglary), CR-91-328-1 (receiving stolen property), CR-91-329-1 (escape from jail), CR-91-330-1 (auto burglary), CR-91-331-1 (residential burglary), CR-91-198-3 (trafficking in controlled substances). The aggregate sentence for each of the eight causes was consecutive to the sentence for the preceding cause.[3]

Two of the eight causes, CR-91-103-1 and CR-91-326-1, contained multiple counts. Cause CR-91-103-1 covered eight counts. The sentencing order under CR-91-103-1 sentenced Mr. Ward to eighteen months imprisonment on each count, concurrent with the preceding count. Cause CR-91-326-1 covered three counts of commercial burglary, and again provided for concurrent sentences on those counts.

---

[3] The sentences imposed in CR-91-103-1 and the other seven causes were to run consecutive to the sentence previously imposed in cause number C-90-035-1, a juvenile matter captioned *In the Matter of Robert Ward, a Child*, San Juan County District Court, Division I.

According to the handwritten notation of the sentencing judge, the court was under the impression the "gross effect" of the sentence was 36 years, 364 days imprisonment, the exposure created if all terms on all counts within the same cause number ran *consecutively*. However, by its terms, the sentencing order provided for a maximum exposure of 22.5 years, 364 days. (No periods of parole were specified in either the text of the first sentencing order or the judge's handwritten notations.) This discrepancy was not immediately noticed, presumably because Mr. Ward's term of imprisonment was suspended in favor of five years probation.

While on probation, Mr. Ward again found himself in some criminal difficulties. On December 14, 1992, the state district court entered judgment and sentence on two counts in *State v. Ward*, No. CR-92-484-1. On count 1, distribution of marijuana to a minor, Mr. Ward was sentenced to three years imprisonment, enhanced by 1 year pursuant to a finding that he was an habitual offender, for a total of four years. The term of imprisonment was to be followed by 1 year of parole.

On what was designated count 3, felon in possession of a firearm, Mr. Ward was sentenced to eighteen months imprisonment, followed by one year on

parole. The sentencing order failed to specify whether the sentence on count 3 was concurrent with or consecutive to the sentence for count 1. The order did provide that the sentence imposed under CR-92-484-1 was to be served prior to the sentence in "cause number CR-91-103-1 et. al."

In the second part of its December 1992 order, the state district court revoked Mr. Ward's probation. In so doing, the court sentenced Mr. Ward to twelve years of imprisonment followed by two years of parole. The order specified "the sentence imposed herein as to cause number CR-91-103-1 shall be served consecutively to the sentence imposed as to cause number CR-92-484-1." The court further ordered "the sentences imposed in CR-91-326-1, CR-91-327-1, CR-91-328-1, CR-91-329-1, CR 91-330-1, CR-91-331-1, and CR-91-198-3 ... shall remain the same."

The December 1992 sentencing order did not state explicitly the cumulative sentence the court intended Mr. Ward to serve.

On June 8, 1994, Mr. Ward ostensibly submitted a *pro se* petition for a writ of habeas corpus to the state district court, seeking to correct alleged sentencing errors. The status and disposition of this petition is unclear from the available

record.

On June 27, 1995, Mr. Ward filed a second *pro se* habeas petition with the state district court requesting that his sentence be corrected. In this petition, Mr. Ward pointed out that the state district court order revoking his probation had imposed a twelve-year term of imprisonment under CR-91-103-1, but the maximum term available under that cause number was eighteen months. He further indicated the terms imposed under CR-92-484-1 should run concurrently since the sentencing order did not specify the sentences should run consecutively.

On September 8, 1995, Mr. Ward filed a *pro se* petition for a writ of mandamus to the New Mexico Supreme Court seeking to compel the state district court to rule on his habeas petition.

On October 13, 1995, the sentencing court filed a minute entry explaining that there had been a sentencing error due to "the sheer volume of [Mr. Ward's] criminal activity," but everyone, including Mr. Ward and his attorneys, knew the intended term of imprisonment was twelve years and there was ample exposure in the September 1991 sentencing order to support the intended sentence. Contemporaneously, the court filed a corrected judgment and sentence order.

The corrected judgment and sentence order made no changes as to CR-92-484-1. Mr. Ward's concern as to whether the sentences on counts 1 and 3 were concurrent was not addressed. By way of correction, the October 1995 order drew the twelve-year term of imprisonment imposed following revocation of Mr. Ward's probation from seven of the eight causes addressed by the September 1991 order. The state district court then proceeded to sentence Mr. Ward to two years parole pursuant to his sentence under CR 91-331-1. However, the original September 1991 sentencing order for CR-91-331-1 did not specify a parole period, nor did any of the other causes covered by the written order.

After entering the corrective order, the state district court denied Mr. Ward's habeas petition. Mr. Ward's appeal to the state court of appeals was dismissed and his petition for writ of certiorari to the New Mexico Supreme Court was denied.

Having exhausted available state remedies, Mr. Ward filed a habeas petition with the United States District Court. Mr. Ward asserted three grounds for relief. First, he alleged his concurrent sentences for the multiple counts under CS-91-103-1 were changed illegally into consecutive sentences after his sentence had begun. Second, he alleged his sentences as to counts 1 and 3 of CR-92-484-1

-7-

must be presumed to be concurrent since the sentences were not designated consecutive in the December 1992 sentencing order. Finally, he alleged his parole period under CR-91-103-1 had been impermissibly extended from one year to two.

After considering the record, but apparently without an evidentiary hearing, the magistrate judge concluded Mr. Ward's sentences were within the legislatively prescribed limits for the charged offenses, and that Mr. Ward had shown no procedural problems in light of the state district court's explanation of the sentencing error and its correction. The federal district court adopted the magistrate judge's rather sparse findings and recommendation, over Mr. Ward's objections, and dismissed the habeas petition with prejudice.

**Discussion**

In a somewhat confusing brief to this court, Mr. Ward appears to assert five issues. First, Mr. Ward claims the state district court impermissibly increased his sentence when it corrected his sentence. Second, he argues the sentences on the two counts under CR-92-484-1 should be presumed to run concurrently. Third, Mr. Ward claims the state district court impermissibly imposed a two-year parole period pursuant to CR-91-103-1. Fourth, he now contends the habitual offender

enhancement and the felon in possession charge under CR-92-484-1 impermissibly double count his prior felony. Finally, he alleges the state district court impermissibly imposed an additional five-year probation period when it corrected his sentence.

Mr. Ward's petition appears facially to raise a claim under the Double Jeopardy Clause of the United States Constitution. *See* U.S. Const. amend. V. While the federal district court appears to have found Mr. Ward's sentences have not been impermissibly lengthened, we are unsure of the record source of this finding. Given our uncertainty, we decline to resolve this case on the merits at this stage. We would prefer that the federal district court conduct an evidentiary hearing to determine the exact parameters of the sentences imposed by the state district court. [4] Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings. [5]

---

[4] The record indicates Mr. Ward's sentencing hearings were tape recorded.

[5] In view of this decision, Mr. Ward's motion for a hearing before this court is denied.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge