**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT ALLEN WARD,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden,

      Respondent-Appellee.

No. 99-2309

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 96-CV-1470-LH/LFG)**

---

Alonzo J. Padilla, Assistant Federal Public Defender, Albuquerque, New Mexico, for Petitioner-Appellant.

William McEuen, Assistant Attorney General, Santa Fe, New Mexico, for Respondent-Appellee.

---

Before **EBEL**, **PORFILIO**, and **LUCERO**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

      Petitioner-Appellant Robert Allen Ward appeals the district court's denial

of his 28 U.S.C. § 2254 habeas petition alleging that his state court sentence

violated the Double Jeopardy Clause of the Fifth Amendment of the United States

Constitution. This is the second appeal we have heard regarding Ward's § 2254 petition. We remanded the first appeal to the district court so that it could clarify the uncertainty as to "the exact parameters of the sentences imposed by the state district court." Ward v. Williams, No. 97-2041, 1998 WL 94608, at *3 (10th Cir. Mar. 5, 1998) [hereinafter Ward I]. On remand, the magistrate judge wrote a detailed, well-documented opinion, recommending that Ward's habeas petition be dismissed with prejudice [hereinafter 1999 Magistrate's Recommendation]. The district court adopted the magistrate's recommendation. Additionally, while on appeal to this court, the state trial court clarified one of its rulings, and this clarification moots one of the issues presented to us. See Order Clarifying Corrected Judgment, Sentence, and Commitment to the Corrections Department as to CR 92-484-3 and Order Revoking Probation as to CR 91-103-3, et al., No. CR 91-103-3, 91-326-3, 91-327-3, 91-328-3, 91-329-3, 91-330-3, 91-331-3, 91-198-3, & 92-484-3, at 2 (August 9, 2000) [hereinafter 2000 Clarifying Order]. We exercise jurisdiction pursuant to 28 U.S.C. § 2253 and AFFIRM.

**BACKGROUND**

A. 1991 State Court Sentence

From about November 1990 through February 1991, Robert Ward committed numerous felonies under New Mexico law. In July 1991, Ward pled guilty to a number of these felonies. On September 13, 1991, a New Mexico

- 2 -

court sentenced Ward on eight different criminal cases: CR-91-103-1 (commercial burglary et al.), CR-91-326-1 (commercial burglary), CR-91-327-1 (residential burglary), CR-91-328-1 (receiving stolen property), CR-91-329-1 (escape from jail), CR-91-330-1 (auto burglary), CR-91-331-1 (residential burglary), and CR-91-198-3 (trafficking in controlled substances) [hereinafter 1991 Sentence]. Two of the eight cases, CR-91-103 and CR-91-326, contained multiple counts – CR-91-103 had eight counts and CR-91-326 had three counts.

The court sentenced Ward to eighteen months imprisonment on each of the eight counts contained in CR-91-103, and ordered that the eight counts be served concurrently.[1] Thus, the total sentence under CR-91-103 was eighteen months. The judge ordered that each of the sentences from the seven remaining cases be served consecutively. All told, the 1991 Sentence provided for a maximum exposure of 22.5 years, 364 days.[2] The 1991 Sentence was silent as to any period of parole. The court suspended all the sentences and placed Ward on probation for five years.

---

[1]The judge also ordered the three counts under CR-91-326 to be served concurrently.

[2]In a handwritten note at the bottom of the 1991 Sentence, the court erroneously noted, "The gross effect of this sentence is 36 years and 364 days in prison suspended on conditions as stated in favor of five years probation . . . ." The court's note would have been correct had it run all the counts in 91-103 and 91-326 consecutively. Since, however, it ran those counts concurrently, Ward's initial exposure was 22.5 years, 364 days.

B. 1992 State Court Sentence

While on probation, Ward committed more crimes. Again, he pled guilty. On November 2, 1992, the state court held a sentencing hearing, at which it sentenced Ward on two counts (count 1 and count 3) in a new criminal case (CR-92-484) and also sentenced him for violating the conditions of probation from the 1991 sentence. The written sentencing order was filed December 14, 1992 [hereinafter 1992 Sentence].

For CR-92-484, the court sentenced Ward as follows: On count 1 (distribution of marijuana to a minor), Ward received three years imprisonment, enhanced by one year for being an habitual offender, for a total of four years in prison. Imprisonment was to be followed by one year of parole. On count 3 (felon in possession of a firearm), Ward was sentenced to eighteen months imprisonment, followed by one year of parole. From the bench, the court (orally) ordered that the sentences on these two counts were to run consecutively. The (written) 1992 Sentence, however, did not mention whether the sentences on these two counts were to run consecutively or concurrently. On August 9, 2000, the state court clarified this arguable discrepancy, explaining that the two counts were

to run concurrently. See 2000 Clarifying Order ¶ 5. Thus, the total sentence on CR-92-484 is four years imprisonment, followed by one year of parole.[3]

In the second half of the 1992 sentencing, the state court revoked Ward's suspended sentence and probation from the 1991 sentencing. It ordered Ward to serve twelve years imprisonment, to be followed by two years of parole. The order provided that "the sentence imposed herein as to cause number CR-91-103-1 shall be served consecutively to the sentence imposed as to cause number CR-42-484-1, with the sentence imposed in cause number CR-92-484-1 to be served first." 1992 Sentence at 3. The court erred, however, in treating the eighteen month sentences for each of the eight counts in CR-91-103 as consecutive rather than concurrent to each other. Thus, the court gave Ward twelve years attributed solely to the convictions in CR-91-103, which was not consistent with the 1991 sentence for CR-91-103. The 1992 Sentence further provided that the sentences imposed in the remaining seven cases from the 1991 Sentence "shall remain the same." The meaning of that reference is unclear since no additional prison time was apparently attributed to the violation of probation as it pertained to those other seven 1991 criminal sentences.

---

[3]The state court's August 2000 clarification moots the second issue Ward presented in his appeal. Accordingly, we do not address that issue.

We pause to summarize. First, the two sentences from the 1992 Sentence (the sentence from CR-92-484 and the sentence for violating the terms of the 1991 probation) are to run consecutively, with the sentence from CR-92-484 running first. Second, the total sentence from CR-92-484, as recently clarified, is four years in prison, followed by one year of parole. Third, for violating probation from the 1991 sentences, the court intended to sentence Ward to twelve years in prison, followed by two years of parole. Fourth, the state court erred in the 1992 Sentence by drawing the sentence for violating probation from the 1991 sentence (12 years imprisonment plus 2 years of parole) strictly from the convictions in CR-91-103; as noted above, the sentences in CR-91-103 had initially been imposed to run concurrently with each other, for a maximum total of eighteen months. In the 1992 probation sentence, the court erroneously treated those sentences in CR-91-103 as consecutive.

C. 1995 State Court Corrected Sentence

In 1994 and 1995, Ward filed two pro se habeas petitions in the state district court seeking to correct alleged sentencing errors from the 1992 sentence and one petition for a writ of mandamus in the New Mexico Supreme Court seeking to compel the state district court to rule on his habeas petitions. On October 13, 1995, the state district court filed an order to correct the alleged errors from the 1992 Sentence [hereinafter 1995 Sentence].

In the 1995 Sentence, the court retained the twelve year sentence[4] for violating probation issued from the 1991 sentence but instead of attributing the twelve years entirely to CR-91-103, it allocated the twelve years over all eight separate criminal cases that comprised the 1991 sentence. The remaining eleven and one-half years from the 1991 Sentence[5] were suspended in favor of five years probation.[6] The 1995 Sentence repeated that the sentence under CR-92-484 was to be served prior, and consecutively, to the sentence imposed for violating probation from the 1991 Sentence. Synthesizing the foregoing, Ward's sentence is: four years imprisonment plus one year of parole (CR-92-484) to be followed by eleven years and 364 days of imprisonment plus five years probation (CR-91-103, CR-91-326, CR-91-327, CR-91-328, CR-91-329, CR-91-330, CR-91-331, and CR-91-198).

---

[4]To be precise, the court imposed a term of 11 years and 364 days imprisonment, in addition to five years of probation.

[5]The 1991 Sentence exposed Ward to 22.5 years + 364 days of imprisonment. The 1995 Sentence imposed 11 years + 364 days of imprisonment, and converted the remaining 11.5 years of imprisonment to 5 years of probation.

[6]At oral argument, Appellant's counsel contended that the state court also erred by imposing an allegedly new probationary term. This issue is deemed waived, since it was not presented in Appellant's Opening Brief. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (stating that failure to raise an issue in the opening brief waives the issue).

D. Ward's Habeas Petitions

On April 9, 1996, Ward filed a petition in federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His initial habeas petition was denied by the district court and appealed to us. In our disposition of that appeal, we stated,

> Mr. Ward's petition appears facially to raise a claim under the Double Jeopardy Clause of the United States Constitution. While the federal district court appears to have found Mr. Ward's sentences have not been impermissibly lengthened, we are unsure of the record source of this finding. Given our uncertainty, we decline to resolve this case on the merits at this stage. We would prefer that the federal district court conduct an evidentiary hearing to determine the exact parameters of the sentences imposed by the state district court. Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings.

Ward I, at *3 (citation omitted). On remand, the magistrate judge found that the Double Jeopardy Clause had not been violated and that an evidentiary hearing was not required. See 1999 Magistrate's Recommendation at 10-13, 17-18. As to the latter issue, the magistrate (i) characterized Ward I as expressing only a "preference" for an evidentiary hearing and (ii) found Ward's petition did not qualify for such a hearing based upon the Tenth Circuit's test in Lucero v. Kerby, 7 F.3d 1520, 1522 (10th Cir. 1993). See 1999 Magistrate's Recommendation at 10, 17.

The district court adopted the magistrate judge's findings and recommended disposition, thus denying the petition. Ward appealed. We granted a certificate

of appealability on April 26, 2000.[7]  We exercise jurisdiction pursuant to 28 U.S.C. § 2253.

## DISCUSSION

Two issues remain in this appeal: (1) Did the state court violate the Double Jeopardy Clause in the 1995 Sentence when it corrected its 1992 ruling and drew its twelve year sentence for violating probation from CR-91-103 and six remaining criminal cases? and (2) Did the federal district court on remand err by failing to hold an evidentiary hearing as this court had directed in Ward I?  We answer both questions in the negative.

A. Double Jeopardy

We review de novo a claim by a habeas corpus petitioner that his sentence violates the Double Jeopardy Clause. See Miranda v. Cooper, 967 F.2d 392, 403 (10th Cir. 1992).  The Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." This Clause "protects against multiple punishments for the same offense." United States v. DiFrancesco, 449 U.S. 117, 129 (1980). Among other things, this

---

[7]Although Ward's initial habeas petition was filed in the district court before April 24, 1996, the effective date for the Antiterrorism and Effective Death Penalty Act of 1996, the Supreme Court has held that AEDPA governs appellate proceedings filed after the statute's effective date, as in this case. See Slack v. McDaniel, 529 U.S. 473, 482 (2000).  Thus, a certificate of appealability, rather than a certificate of probably cause, was required.

prevents a court from increasing a defendant's sentence once he has a "legitimate expectation of finality in his original sentence." United States v. Rourke, 984 F.2d 1063, 1066 (10th Cir. 1992).

Ward presents two arguments as to why his corrected sentence violates double jeopardy. First, he argues that he "had a legitimate expectation of finality in the manner in which his original sentence was structured."[8] Second, he contends that he obtained a legitimate expectation of finality in the structure of the 1992 Sentence because, between 1992 (when he was sentenced for violating probation) and 1995 (when the court corrected his illegal sentence) he had served "a portion" of this sentence.

Both these arguments fail for the same reasons: Ward successfully challenged the illegal sentence imposed in 1992. Illegal sentences do not confer legitimate expectations of finality because they are subject to change. Furthermore, a defendant cannot gain a legitimate expectation of finality in a sentence that he challenged.

---

[8]He advances a corollary to this argument: part of the original structure of his 1992 sentence was that the sentencing court found that he had violated probation only as to CR-91-103; the other cases were to "remain the same." This is at odds with the plain language of the 1992 Sentence where the court found "the defendant (Ward) has failed to comply with a substantial condition of his probation."

1. <u>Illegal Sentence</u>

The state court's error in the <u>1992 Sentence</u> of drawing the twelve years of imprisonment from CR-91-103 alone was an illegal sentence because in the <u>1991 Sentence</u> the court had run the eight counts covered by CR-91-103 concurrently. As an illegal sentence, it could not have created a <u>legitimate</u> expectation of finality. <u>See</u> <u>Rourke</u>, 984 F.2d at 1066 ("A defendant cannot acquire a legitimate expectation of finality in a sentence which is illegal, because such a sentence remains subject to modification."). Indeed, Ward objected to the sentence as incorrect and the state court, upon realizing its mistake, fixed its error in the <u>1995 Sentence</u>.

The sentencing package doctrine is an application of this rule that illegal sentences do not create a legitimate expectation of finality. The sentencing package doctrine provides,

> A sentence under the U.S. Sentencing Guidelines constitutes a sentencing package which takes into account all counts upon which the defendant has been convicted. When one of these counts is set aside or vacated, the district court is free to reconsider the sentencing package de novo unless the appellate court specifically limited the district court's discretion on remand.

<u>United States v. Smith</u>, 116 F.3d 857, 859 (10th Cir. 1997). We have acknowledged that other circuit courts have applied the doctrine not only on direct appeal, as we have, but also on collateral attack under 28 U.S.C. § 2255. <u>See</u> <u>United States v. Hicks</u>, 146 F.3d 1198, 1202 n.5 (10th Cir. 1998) (citing

cases). While we acknowledge the difference between our application of this doctrine in previous cases and this case – this case involves a collateral attack under § 2254 after an illegal sentence has been corrected by means of a state post-conviction proceeding, rather than a direct appeal after a count is set aside or vacated – we see no reason not to apply it to these facts. In <u>Hicks</u> we continued, "Other circuits similarly have emphasized the importance of allowing district courts to resentence in order to carry out the original sentencing intent, recognizing that resentencing on remaining convictions after vacation of one count may be necessary in order to ensure that the punishment still fits both the crime and criminal." <u>Id.</u> at 1202. Likewise, here, the state court in 1995 was permitted to re-sentence Ward after it realized that its 1992 sentence was illegal in order to carry out its original sentencing intent[9] and to ensure that Ward received the appropriate punishment for violating the terms of his 1991 probation.

As we said in <u>Hicks</u>, "Hicks would have us place him in a better position by allowing him to escape the consequences of using the weapon in the commission of the offense. This we refuse to do." <u>Id.</u> at 1203. Similarly, here, Ward would have us place him in a better position by allowing him to reap the benefit of the

_____

[9]<u>See</u> <u>Velasquez v. Taylor</u>, 336 F.2d 802, 803 (10th Cir. 1964) (per curiam) (following the clear intention of the sentencing court, despite arguably ambiguous language in the sentencing order); <u>Scarponi v. United States</u>, 313 F.2d 950, 953 (10th Cir. 1963) (same).

- 12 -

state court illegally (and it seems, inadvertently) drawing twelve years from one case (CR-91-103) which originally carried only an eighteen month sentence, rather than legally drawing it collectively from all eight cases comprising the 1991 sentence (CR-91-103, CR-91-326, CR-91-327, CR-91-328, CR-91-329, CR-91-330, CR-91-331, CR-91-198) which originally carried a collective sentence of almost 23.5 years, and hence could easily support a twelve year sentence for probation violation. This we refuse to do.

All of the cases on which Ward relies for his second argument that he acquired a legitimate expectation of finality by serving a portion of his sentence are distinguishable. None of them involve an illegal sentence which was then corrected, as here.[10]

In sum, Ward is incorrect to assert that he had a legitimate expectation of finality in the structure of his 1992 sentence. The state court did not violate

---

[10]In addition, it is not clear that Ward had served any portion of the term of imprisonment for violating probation. He correctly states that by 1995, when the 1992 Sentence was corrected, he had served three years in prison. He then asserts, "If Mr. Ward had served concurrent sentences in Cr. 92-484 . . . , he would have substantially completed service of the eighteen-month sentence imposed in Cr. 91-103 before the district court entered the corrected sentence." This appears to be incorrect because the state court made clear in the 1992 Sentence that CR-92-484 was to be served prior to (the twelve years attributed to) CR-91-103. Even assuming, as turns out to be the case, that the sentences from the two counts of CR-92-484, were to run concurrently, it seems that he would only have served three-quarters of the four-year sentence from CR-92-484 and none of the sentence due to violating probation.

double jeopardy in 1995 by correcting its illegal sentence and drawing the term of twelve years imprisonment from seven of Ward's eight criminal cases, rather than from CR-91-103 alone.

2. Ward's Challenge

The second, and related, reason to reject Ward's arguments is that the sentence was corrected because of Ward's own post-conviction petitions.

> Any expectation of finality in a sentence is wholly absent where the defendant requests that his prior sentence be nullified. The defendant has, by his own hand, defeated his expectation of finality and the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice. Given that sentencing is often a "package deal," we have noted that the appealing defendant cannot claim an expectation that the sentence on any particular count is irrevocably final.

United States v. Welch, 928 F.2d 915, 917 (10th Cir. 1991) (quotation marks, alterations, and citations omitted). Thus, a court may reimpose the same total sentence after an appeal by increasing the sentence on a different count upon which sentence was imposed in conjunction with the sentence successfully challenged.

We have also held that after a successful post-conviction attack on a sentence, the court may reconsider the sentence imposed on related counts.

- 14 -

See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).[11] In Mendoza, the defendant originally had been sentenced on a drug count and for carrying a firearm while trafficking. See id. at 708. His firearm conviction was vacated on habeas, but the district court then enhanced his drug sentence for possessing a weapon, and we affirmed. See id. at 708-09. Although Mendoza involved a habeas petition by a federal prisoner, we see no reason that the same rule should not apply to state prisoners and state post-conviction procedures.

Therefore, we hold that the state court did not violate double jeopardy by re-sentencing Ward using seven of the eight criminal cases from his 1991 suspended sentence, instead of improperly drawing the twelve-year term from CR-91-103 alone.

B. Evidentiary Hearing

In our disposition of Ward I, we instructed the district court to hold an evidentiary hearing "to determine the exact parameters of the sentences imposed by the state district court." Ward I, at *3. We did this because we were "unsure of the record source" for the district court's finding that Ward's sentences had not

---

[11]We noted in that case that the defendant had not asserted any double jeopardy challenge. See id. at 710. The principle, however, was that a habeas petitioner should not be given a "windfall" that a defendant on direct appeal would not receive. See id. at 709.

been impermissibly lengthened. Id. This finding undergirded the district court's dismissal of Ward's habeas petition.

On remand, the magistrate judge concluded, and we agree, that "[t]he 'exact parameters' of the sentences are clear from the record, and there is no other factual issue for determination. Moreover, this court, on this review, has delineated the record references that substantiate the court's findings." 1999 Magistrate's Recommendation at 17. Thus, from the record, without holding an evidentiary hearing, the magistrate judge was able to provide us with all we asked.

Furthermore, the magistrate judge evaluated the necessity of an evidentiary hearing by the correct legal standard: "A habeas petitioner is entitled to a hearing if he alleges facts, which if proved, would entitle him to relief, and he did not receive a full and fair hearing in the state court." Lucero v. Kerby, 7 F.3d 1520, 1522 (10th Cir. 1993). In this case, as in Lucero, "[a] hearing would have served no purpose." Id. Accord Muniz v. Wyoming Attorney Gen., No. 94-8021, 1994 WL 540359, at *2 (10th Cir. Oct. 5, 1994) ("[B]ecause the issue of counsel's performance was resolved on the state record, an evidentiary hearing was not required."); Lawrence v. Lensing, 42 F.3d 255, 259 (5th Cir. 1994) (evidentiary hearing properly denied when petitioner's Brady claim could be resolved solely on record); Walton v. Caspari, 916 F.2d 1352, 1361-62 (8th Cir. 1990) (evidentiary

hearing properly denied when claim of improper prosecutorial use of peremptory jury challenges could be resolved through record and affidavit filed with federal court); McQueary v. Blodgett, 924 F.2d 829, 832-33 (9th Cir. 1991) (evidentiary hearing properly denied when facts underlying petitioner's claims not in dispute).

Ward concedes that if "the state court record conclusively shows that Mr. Ward is not entitled to relief, an evidentiary hearing [need not] be held." Opening Brief at 24. Yet, he contends that an evidentiary hearing is necessary "to establish the extent to which Mr. Ward had acquired a legitimate expectation of finality in the sentence imposed on him when his probation was revoked in Cr. 91-103 by the time the state district court entered a corrected sentence on October 13, 1995." Id. at 26. As discussed earlier, Ward could not have acquired a legitimate expectation of finality because the original sentence was illegal and the correction of it was made at Ward's request. Thus, he did not allege facts which would entitle him to relief.

Consequently, we conclude the district court did not err by not holding an evidentiary hearing.

## CONCLUSION

The district court's denial of Ward's § 2254 habeas petition is AFFIRMED.