Oscar Ray GREASHAM, Petitioner–
Appellant,

v.

Glynn BOOHER, Warden,
Respondent–Appellee.

No. 01–6064.

United States Court of Appeals,
Tenth Circuit.

May 14, 2001.

Before HENRY, BRISCOE and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT [*]

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Oscar Ray Greasham, a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We deny the request for a certificate of appealability and dismiss the appeal.

As the result of a plea agreement, Greasham pleaded guilty to possession of a controlled dangerous substance after former conviction of a felony (count 1) and possession of drug paraphernalia (count 2), and was sentenced to concurrent terms of imprisonment of ten years on count 1 and one year on count 2. The court ordered that Greasham serve his sentence by serving sixty nights in the night-time incarceration program. However, after Greasham failed to successfully complete the program, the court imposed his original sentence of imprisonment. Greasham did not file a direct appeal, but filed an application for post-conviction relief in state court, asserting he was denied due process and equal protection when the court violated the terms of his plea agreement, and he was sentenced to multiple punishments for a single offense, in violation of the double jeopardy clause. The state court denied relief, finding that Greasham had waived his claims by failing to seek a timely with-drawal of his guilty plea. On appeal, the Oklahoma Court of Criminal Appeals (OCCA) held that, as a matter of law, Greasham should not have been sentenced to night-time incarceration. *See Stewart v. State*, 989 P.2d 940 (Okla.Crim.App.1999) (holding because petitioner had two or more prior felony convictions, he was not eligible for sentence of night-time incarceration). The OCCA reversed and remanded to the state district court with instructions to vacate Greasham's judgment and sentence and afford him the opportunity to withdraw his plea. The OCCA stated:

> If [Greasham] elects to withdraw one or more of his guilty pleas, he shall then be permitted to proceed to trial or further plead on that charge to which he has withdrawn his plea. The State shall be relieved of its obligations under the July 2, 1997 plea agreement as concerns any charges to which [Greasham] withdraws his plea of guilty.

Doc. 9, Exh. B at 3. Because of the potential that he would receive a greater sentence, Greasham withdrew his application for post-conviction relief. He was resentenced to his original sentence of concurrent terms of imprisonment of ten years and one year.

Gresham filed a second application for post-conviction relief in state court, arguing he received ineffective assistance of counsel following the remand by the OCCA, he was denied due process and a fair trial because he was coerced into withdrawing his first application for post-conviction relief, and, under the due process clause, he could not be sentenced to a greater sentence than his initial sentence. The state court denied the application and the OCCA denied the application on appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3. the terms and conditions of 10th Cir.R. 36.3.

In his federal habeas petition, Greasham contended (1) the state court sanctioned him for filing a second application for post-conviction relief; (2) he was twice sentenced to the same crime in violation of the double jeopardy clause and the due process clause; and (3) the OCCA violated the double jeopardy clause and the due process clause when it denied relief. The magistrate determined that Greasham's first claim was not exhausted and Gresham was allowed to amend his habeas petition by withdrawing that contention. The district court adopted the magistrate's recommendation and denied habeas relief on the remaining issues.

■ On appeal, Greasham contends (1) the state court erred in resentencing him to an enhanced sentence; (2) the state court lacked jurisdiction to impose the sentence; and (3) he received ineffective assistance of counsel. We will not consider Greasham's first issue as it was found to be unexhausted and Greasham was permitted to amend his habeas petition and withdraw the issue. Greasham did not raise the "ineffective assistance of counsel" issue in his habeas petition and, as a consequence, we will not address it on appeal. *See Scott v. Hern*, 216 F.3d 897, 908 n. 5 (2000).

■ Greasham argues that he was sentenced twice for the same crime in violation of the double jeopardy clause. *See* U.S. Const. amend. V. We review de novo a claim by a habeas petitioner that his sentence violates the double jeopardy clause. *Ward v. Williams*, 240 F.3d 1238, 1242 (10th Cir.2001). The double jeopardy clause "protects against multiple punishments for the same offense." *United States v. DiFrancesco*, 449 U.S. 117, 129, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). "Among other things, this prevents a court from increasing a defendant's sentence once he has a 'legitimate expectation of finality in his original sentence.'" *Ward*, 240 F.3d at 1242 (quoting *United States v. Rourke*, 984 F.2d 1063, 1066 (10th Cir. 1992)). When an initial sentence is illegal, resentencing is appropriate, even if the error was first noted in post-conviction proceedings. *See Ward*, 240 F.3d at 1242–44. "Illegal sentences do not confer legitimate expectations of finality because they are subject to change." *Id.* at 1242.

Greasham was given the opportunity to withdraw his guilty pleas, but elected not to do so. Contrary to his claim that he was sentenced to a longer sentence on remand, he was sentenced to the same term of imprisonment as the court initially imposed. The only change made was to eliminate the night-time incarceration provision.

Greasham has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and his request for a certificate of appealability is DENIED. The appeal is DISMISSED. The mandate shall issue forthwith. Greasham's motion to proceed on appeal in forma pauperis is DENIED.