**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

IRIS COLLETTE JACKSON,

        Defendant - Appellant.

No. 02-6087
(D.C. No. 98-CR-94-T)
(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **SEYMOUR**, **KELLY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Iris Collette Jackson was convicted by a jury of one count of conspiring to distribute cocaine base in violation of 21 U.S.C. § 846 (Count 1); one count of

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

maintaining a place for the distribution and use of a controlled substance in violation of 21 U.S.C. § 856 (Count 2); three counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 5, 7, and 8); and one count of possessing cocaine base with intent to distribute in violation of § 841(a)(1) (Count 9). The district court sentenced Ms. Jackson to concurrent thirty-year prison terms on Counts 1, 5, 7, 8, and 9 and to a concurrent twenty-year prison term on Count 2.

On certiorari review, the United States Supreme Court vacated the district court's judgment and remanded the case to this court for further consideration in light of its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Jackson v. United States*, 531 U.S. 1033 (2000). On remand, we concluded that, because Ms. Jackson was indicted and convicted for committing drug offenses under § 841(a)(1) based on unspecified quantities of cocaine base, the district court erred under *Apprendi* by imposing thirty-year concurrent sentences on Counts 1, 5, 7, 8, and 9 under § 841(b)(1).[1] *United States v. Jackson*, 240 F.3d 1245, 1248-49 (10th Cir.), *cert denied*, 534 U.S. 847 (2001). As we explained:

> [A]fter *Apprendi*, a trial court may not utilize §§ 841(b)(1)(A) and 841(b)(1)(B) for sentencing without the drug quantity being charged in the indictment. Instead, the defendant may be sentenced only

---

[1] Although Ms. Jackson's conviction on Count 1 was for conspiring to distribute cocaine base in violation of § 846, the penalties for the conspiracy offense are provided by § 841(b)(1).

-2-

under § 841(b)(1)(C), which defines penalties for offenses involving cocaine base without reference to drug quantity, and limits the sentence to not more than twenty years . . . .

*Id.* at 1248. Thus, we remanded the case to the district court for resentencing "within the statutory range for the offenses of which Ms. Jackson was convicted." *Id.* at 1249.

On remand, the district court concluded that it was required by U.S.S.G. § 5G1.2(d) to run Ms. Jackson's sentences on Counts 1, 5, 7, 8, and 9 consecutively to the extent necessary to reach a combined sentence equal to the "total punishment" it originally imposed through application of the sentencing guidelines. [2] Consequently, because the district court had originally imposed a thirty-year prison term as the "total punishment" for these counts, the court: (1) sentenced Ms. Jackson to twenty-year prison terms for Counts 1, 5, 7, 8, and 9; (2) reimposed the twenty-year prison term for Count 2; (3) directed that the twenty-year prison terms for Counts 1, 5, 7, and 8 would run concurrently with each other and with Count 2; and (4) directed that ten years of the twenty-year

---

[2] Section 5G1.2 is entitled "Sentencing on Multiple Counts of Conviction," and sub-section (d) provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). The Commentary to § 5G1.2 further explains that "[t]he combined length of the sentences ('total punishment') is determined by the adjusted combined offense level."

prison term imposed for Count 9 would run consecutively with the sentences imposed for Counts 1, 5, 7, and 8 and that the other ten years would run concurrently.

In this appeal, Ms. Jackson claims the district court violated *Apprendi* and the Double Jeopardy Clause by resentencing her to a thirty-year prison term for her convictions under § 841. She further claims that § 841 is facially unconstitutional in light of *Apprendi*. Having analyzed these legal issues de novo, we reject Ms. Jackson's arguments.

First, we have held that the "stacking" provision in § 5G1.2(d) is a mandatory requirement that must be applied in cases involving multiple counts of conviction, and that it obviates any *Apprendi* error so long as the defendant does not receive a sentence in excess of the statutory maximum for any individual count. *See United States v. Price*, 265 F.3d 1097, 1108-09 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 2299 (2002); *United States v. Lott*, 310 F.3d 1231, 1242-43 (10th Cir. 2002). [3] As a result, on remand, the district court was required by § 5G1.2(d) to impose consecutive sentences in order to reach the thirty-year prison term it originally imposed under the sentencing guidelines, and the

---

[3] Ms. Jackson argues that *Price* and *Lott* are distinguishable because they involved plain error review. Her argument is without merit because both cases established unequivocally that compliance with § 5G1.2(d) is mandatory.

imposition of the consecutive sentences was not error under *Apprendi* since none of the individual sentences exceeded the twenty-year statutory maximum.

Second, because Ms. Jackson was successful in establishing that her original sentence was unlawful, the district court did not violate double jeopardy by resentencing her to the same thirty-year prison term. *See Ward v. Williams*, 240 F.3d 1238, 1243-44 (10th Cir. 2001) (holding that there is no double jeopardy violation when a defendant establishes on appeal that his original sentence was unlawful and, on remand, the district court "reimpose[s] the same total sentence . . . by increasing the sentence on a different count").

Finally, two other panels of this court have previously held that *Apprendi* did not render § 841 facially unconstitutional. *See United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001); *United States v. James*, 257 F.3d 1173, 1182-83 (10th Cir. 2001), *cert. denied sub nom.*, *Davis v. United States*, 534 U.S. 1106 (2002). We are bound by *Cernobyl* and *James* absent en banc reconsideration or a superseding contrary decision of the Supreme Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

The resentencing judgment of the district court is AFFIRMED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-5-