FILED
**United States Court of Appeals
Tenth Circuit**

**September 9, 2008**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GABRIEL TORRES,

Petitioner - Appellant,

v.

MIKE HEREDIA, Warden; GARY
KING, Attorney General of the State of
New Mexico,

Respondents - Appellees.

No. 08-2110
(D. Ct. No. 07-CV-898-MCA-CG)
(D. N. Mex.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **TACHA**, **KELLY**, and **MCCONNELL**, Circuit Judges.

Petitioner-Appellant Gabriel Torres, proceeding pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his petition for habeas relief pursuant to 28 U.S.C. § 2254. We DENY a COA and DISMISS this appeal.

In 1999, Mr. Torres was sentenced to twenty-five years in prison plus two years of parole following his conviction in New Mexico state court for second-degree murder and several lesser charges. In 2006, Mr. Torres filed a post-judgment motion, alleging that the trial judge had erred in imposing two years, rather than one year, of parole. After reviewing the matter, the state court entered an amended judgment and sentence, sentencing Mr. Torres to twenty-six years' imprisonment followed by one year of parole.

Mr. Torres appealed this decision to the New Mexico Supreme Court, which denied a writ of certiorari.

Mr. Torres then filed this § 2254 habeas petition in federal district court, urging that the amended judgment and sentence erroneously increased his sentence by one year in violation both of his right to due process and the Double Jeopardy Clause. The magistrate judge recommended denial of Mr. Torres's petition, and the district court subsequently adopted the recommendation.[1]

A petitioner may not appeal the denial of habeas relief under 28 U.S.C. § 2254 unless a COA has been granted. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires Mr. Torres to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that Mr. Torres has failed to meet this standard as to both claims.

First, as the magistrate judge observed, although a state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence may violate a

---

[1]Mr. Torres asserts that the district court should have held a hearing on his petition. To the extent Mr. Torres takes issue with the district court's adoption of the magistrate's recommended disposition, we note that the district court carefully reviewed Mr. Torres's objections to the findings and recommendation de novo before dismissing his case, *see* 28 U.S.C. § 636(b), and that federal law authorizes district courts to designate magistrate judges to submit recommendations for disposition in this type of matter. *See id.* § 636(b)(1)(B). To the extent Mr. Torres contends he is entitled to an evidentiary hearing, the magistrate judge properly noted that all of the issues can be resolved on the record, which renders an evidentiary hearing unnecessary.

defendant's due process rights, *see Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980),

correcting an error that is plainly arithmetic does not constitute such arbitrary disregard.

Indeed, New Mexico law specifically authorizes this procedure by providing that

"[c]lerical mistakes in judgments, orders or other parts of the record and errors in the

record arising from oversight or omission may be corrected by the court at any time and

after such notice, if any, as the court orders." N.M.R.A., Rule 5-113(B). It is clear from

the record that the twenty-six-year sentence was imposed after the state court corrected a

mathematical error in the original twenty-five-year sentence. Thus, the increased

sentence does not violate Mr. Torres's right to due process.

Second, we agree that the state court did not violate the Double Jeopardy Clause[2]

when it corrected the arithmetic error in Mr. Torres's sentence. Among other things, the

Double Jeopardy Clause "prevents a court from increasing a defendant's sentence once he

has a legitimate expectation of finality in his original sentence." *Ward v. Williams*, 240

F.3d 1238, 1242 (10th Cir. 2001) (quotations omitted). We have previously affirmed

that:

> [A]ny expectation of finality in a sentence is wholly absent where . . . the
> defendant requests that his prior sentence be nullified. The defendant has,
> by his own hand, defeated his expectation of finality and the Double

---

[2]The Fifth Amendment, in relevant part, provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The general principle supporting the Double Jeopardy Clause is "that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . . ." *Green v. United States*, 355 U.S. 184, 187 (1957).

Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice.

*United States v. Welch*, 928 F.2d 915, 917 (10th Cir. 1991) (quotations omitted).  In this case, Mr. Torres's voluntary petition for an amended sentence defeated his expectation of finality in his original sentence.  Therefore, the state court did not violate the Double Jeopardy Clause by making the amendment.

After carefully reviewing Mr. Torres's brief, the magistrate judge's comprehensive and well-reasoned recommendation, the district court's disposition, and the record on appeal, we conclude that Mr. Torres has not met the standard for obtaining a COA. Accordingly, we DENY Mr. Torres's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 4 -