FILED
United States Court of Appeals
Tenth Circuit

July 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TONY ALLEN CASTRO,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA;
ERIC FRANKLIN, Warden,

      Respondents-Appellees.

No. 08-6226
(D.C. No. 5:07-CV-00315-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit Judge.

Tony Allen Castro, an Oklahoma state prisoner proceeding pro se, requests a certificate of appealability (COA) to appeal the district court's order denying his habeas petition filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal order denying habeas petition). The district court did not issue a COA. Mr. Castro's notice of appeal is construed as a request for a COA from this court. *See* Fed. R. App. P. 22(b)(2). We deny issuance of a COA and dismiss the appeal.

## Background

Mr. Castro entered guilty pleas to the charges of second degree burglary of an automobile and escape from arrest or detention. Pursuant to the plea agreement, he was sentenced to two concurrent 20-year sentences. He did not seek to withdraw his guilty pleas. He filed two applications for post-conviction relief with the state district court, which were denied. The Oklahoma Court of Criminal Appeals (OCCA) also denied relief on the basis of waiver, holding that claims that could have and should have been brought in a direct criminal appeal would not be considered in post-conviction proceedings. R. at 19, 40.

Mr. Castro then filed the underlying habeas petition, which was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). In a thorough and comprehensive report and recommendation, the magistrate judge recommended that the habeas petition be denied without an evidentiary hearing. The district court considered Mr. Castro's objections, adopted the magistrate judge's recommendation, and denied the petition.

Mr. Castro argues that his guilty pleas were involuntary because his attorney coerced him to plead guilty and the trial court failed to develop a factual basis for his pleas. He further asserts that he was denied the effective assistance of counsel when entering his guilty pleas. He also claims that the evidence was insufficient to support his guilt on either felony charge and therefore he should have been charged with misdemeanors instead of felonies. In addition, he

-2-

complains that he was denied the effective assistance of counsel in this appeal.

He has waived on appeal the remaining arguments he made in the district court,

including his request for an evidentiary hearing in federal court, his claims of

sentencing errors, and his challenges to the state post-conviction proceedings,

because he did not present them in his appellate brief. *See Ward v. Williams*,

240 F.3d 1238, 1241 n.6 (10th Cir. 2001) (issue not presented in habeas

appellant's opening brief deemed waived).

**Analysis**

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make

"a substantial showing of the denial of a constitutional right." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected the constitutional claims on
> the merits, . . . [t]he petitioner must demonstrate that reasonable
> jurists would find the district court's assessment of the constitutional
> claims debatable or wrong. . . . When the district court denies a
> habeas petition on procedural grounds without reaching the
> prisoner's underlying constitutional claim, a COA should issue when
> the prisoner shows, at least, that jurists of reason would find it
> debatable whether the petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it debatable
> whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The magistrate judge carefully addressed and analyzed each of Mr. Castro's

claims in a 23-page report and recommendation, which the district court adopted

in its entirety. We find nothing debatable or questionable in the magistrate

judge's determinations. No jurist of reason would question the correctness of the district court's ruling adopting the magistrate judge's recommendation. Accordingly, we deny a COA.

Mr. Castro also claims that he was denied the effective assistance of counsel in this appeal. Although his attorney filed the notice of appeal and preliminary documents, the appeal was dismissed on March 31, 2009, based on the attorney's failure to prosecute. In November 2010, the appeal was reinstated on Mr. Castro's request and he filed a pro se brief, which this court has considered. He contends that he has been prejudiced by his attorney's nonfeasance. To the extent he argues that his attorney's withdrawal from the appeal denied him a constitutional right, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Accordingly, Mr. Castro has not stated a claim for denial of the effective assistance of counsel in this appeal.

## Conclusion

We DENY the application for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-