**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TRISTAN LUSTER,

      Defendant-Appellant.

No. 09-3147
(D.C. No. 2:08-02466-KHV)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), Tristan Luster agreed to plead guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and (b)(1)(C). Mr. Luster's written plea agreement stated that, in exchange for his plea, the government would not pursue additional charges against Mr. Luster. The agreement also contained the parties' joint recommendation of a 180 month sentence.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Roughly six months after the district court accepted the plea, but still prior to sentencing, Mr. Luster, through counsel, filed a motion seeking to withdraw his plea. Finding that the plea had been entered knowingly and voluntarily, the district court denied Mr. Luster's motion. Then, consistent with the parties' agreed recommendation, the court sentenced Mr. Luster to 180 months in prison.

Mr. Luster responded by filing the *pro se* motion under 28 U.S.C. § 2255 that is the focus of our current attention. In his motion, Mr. Luster argued that his sentence should be vacated for two reasons, both sounding in ineffective assistance of counsel.

First, Mr. Luster argued that counsel failed to advise him of certain sentencing enhancements he might face under the advisory guidelines. The district court rejected this argument, noting that "[d]efendant's plea agreement under Rule 11(c)(1)(C) called for a [180 month] prison term," the very term he received, "and defendant has not explained how the guideline calculations were relevant to his decision to enter a plea." D. Ct. Memorandum and Order, R. Vol. I at 186. The plea agreement explicitly stated that the parties' recommended 180 month sentence, although within the guidelines, did not depend upon them: "The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting the imposition of an advisory guideline sentence." Plea agreement, R. Vol. I at

118-19.  In light of this, the district court concluded, the "defendant has not shown a reasonable probability that but for [counsel's] alleged misunderstanding of the guidelines calculations, the result of the plea proceedings would have been different."  D. Ct. Memorandum and Order, R. Vol. I at 186-87; *see also United States v. Taylor*, 454 F.3d 1075, 1080 (10th Cir. 2006) (defendant failed to show constitutional prejudice when he was sentenced in accord with his plea agreement).

Second, Mr. Luster argued that counsel's failure to object at sentencing to guidelines calculations concerning Mr. Luster's criminal history and firearms use amounted to ineffective assistance.  The district court observed, however, that Mr. Luster's plea agreement contained a waiver of any "right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction, and sentence."  Plea agreement, R. Vol. I at 121.  Thus, the district court found Mr. Luster's second argument fell within the proscription he previously agreed to.  Even assuming (without granting) otherwise, the district court found Mr. Luster's argument still lacked merit.  "[E]ven if the Court assumes that counsel was deficient in failing to object . . . defendant has not shown a reasonable probability that had his counsel objected, the Court would have imposed a different sentence  . . .  The guideline calculation did not directly impact defendant's sentence in this case."  D. Ct. Memorandum and Order, R. Vol. I at 187-88.  Once again, because the plea was based on a negotiated plea and not the guidelines, the

court held, Mr. Luster couldn't be prejudiced by counsel's putative failure to object to the guideline calculations. The district court then proceeded to deny Mr. Luster's application for a certificate of appealability (COA) and his application to proceed *in forma pauperis*. Now before us, Mr. Luster renews his requests both for a COA and for permission to proceed *in forma pauperis*.

In order to secure a COA, Mr. Luster must show "jurists of reason could disagree with the district court's resolution of his constitutional claims [ineffective assistance of counsel] or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Mindful of Mr. Luster's *pro se* status, in making this requisite assessment we review his claims with liberality. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007). Even doing so, however, we cannot say Mr. Luster has met the high threshold required for a COA, and reach this conclusion for substantially the same reasons the district court provided. Neither do we find ourselves likely with additional exposition to improve on the district court's thoughtful and extensive analysis.

We likewise agree with the district court that Mr. Luster is not entitled to proceed *in forma pauperis* because he has failed to identify "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

As the district court explained in denying Mr. Luster's *in forma pauperis* motion, the "defendant's appeal concerns alleged errors in the calculation of his guideline sentence. Defendant has not explained how the calculation of his guideline sentence was relevant to his decision to enter a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., which proposed a sentence of" 180 months, and which was exactly what he received. D. Ct. Order July 6, 2009 at 1.

Mr. Luster's COA application and *in forma pauperis* petition are denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge