**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRISTAN LUSTER,

Defendant - Appellant.

No. 15-3156
(D. Kan.)
(D.C. No. 2:06-CR-20056-KHV-9)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

In 2008, Appellant Tristan Luster pleaded guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). In the written plea agreement, the parties

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proposed a 180-month term of incarceration followed by not less than six years of supervised release. The agreement states the parties' belief "that the proposed sentence does not offend the now advisory sentencing guidelines," but that they "are not requesting imposition of an advisory guideline sentence." *See* Fed. R. Crim. P. 11(c)(1)(C) (permitting a plea agreement to specify "that a specific sentence . . . is the appropriate disposition of the case").

The district court held a change of plea hearing on November 1, 2007. The court deferred judgment and ordered the preparation of a Presentence Investigation Report. On January 7, 2008, Luster filed a *pro se* motion seeking to withdraw his plea. The motion was denied. On April 9, 2008, he filed a counseled motion to withdraw his guilty plea. That motion was also denied.

Luster's sentencing hearing was held on May 19, 2008. At the start of the hearing, the district court acknowledged the plea agreement was entered into pursuant to Rule 11(c)(1)(C). The court heard argument from the parties, both of whom urged the court to accept the plea agreement and impose the 180-month term of imprisonment set out in the agreement. After the parties concluded their arguments, the court accepted the plea agreement and sentenced Luster to 180 months' incarceration. *See id.* (providing a "specific sentence" contained in a Rule 11(c)(1)(C) plea agreement "binds the court once the court accepts the plea agreement").

The district court's judgment was docketed on May 21, 2008. Several months later, Luster filed a motion pursuant to 28 U.S.C. § 2255 asking the district court to vacate his conviction and sentence. His motion was denied and this court refused to issue a certificate of appealability. *United States v. Luster*, 346 F. App'x 353, 355 (10th Cir. 2009) (concluding alleged errors in the calculation of Luster's guidelines sentence were not relevant to his decision to plead guilty because he did not receive a guidelines sentence).

In 2014, Luster moved to modify his 180-month sentence under 18 U.S.C. § 3582(c)(2), which permits a district court to modify a defendant's sentence if his advisory guidelines range has been lowered by an amendment to the Sentencing Guidelines. Luster argued Guidelines Amendment 782 reduced his advisory guidelines range from 188-235 months to 151-168 months. *See* USSG Guidelines Manual app. C, amend. 782 (reducing by two levels the base offense level assigned to certain drug trafficking offenses). He requested that his sentence be reduced to 151 months. The district court denied the motion, concluding it lacked authority to modify Luster's sentence because he was originally sentenced pursuant to a binding plea agreement and, thus, Amendment 782 had no effect on his sentence. Luster brought this appeal after the district court denied his motion for reconsideration.

This court reviews a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir.

-3-

2008).  In the course of that review, we apply a *de novo* standard to the district court's interpretation of a statute or the Guidelines.  *Id*.

Section 3582(c)(2) gives a district court the power to modify a defendant's term of imprisonment only if the defendant was originally sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  The Supreme Court recently held that a sentence imposed pursuant to Rule 11(c)(1)(C) is based on the Guidelines only when the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment."  *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (concluding Justice Sotomayor's concurring opinion "represents the Court's holding" in *Freeman*).  Because the plea agreement between Luster and the Government provided for a specific term of imprisonment, Luster's sentence is based on a guidelines range only if that range "is evident from the agreement itself" and the plea agreement "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty."  *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring).

The 180-month term of imprisonment set out in Luster's plea agreement was not based on a guidelines range that "is evident from the agreement itself."  The agreement states the parties believed the 180-month sentence was "consistent

with the sentencing factors of 18 U.S.C. § 3553(a)." It does not contain any calculation of an advisory guidelines range or any statement that the proposed sentence was based on any guidelines range. *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring) (holding a sentence is not based on the Guidelines unless the plea agreement itself "expressly uses a Guidelines sentencing range to establish the term of imprisonment"). According to the plain language of the agreement, the proposed sentence was "sought pursuant to Fed. R. Crim. P. 11(c)(1)(C)" and the parties did "not request[] imposition of an advisory guideline sentence."

Luster nevertheless argues the district court actually sentenced him based on the Sentencing Guidelines and not the Rule 11(c)(1)(C) plea agreement. His argument is based on miscellaneous statements the district court made during the sentencing hearing and on the original statement of reasons appended to the judgment. This argument cannot survive in light of the plain language of the plea agreement and the Court's holding in *Freeman*. The terms of the plea agreement, including the 180-month sentence, were accepted in full by the district court when the court stated at the conclusion of the hearing that it did "accept the Plea Agreement, and the plea under Rule 11(c)(1)(C)." A district court is bound by the sentence proposed in a Rule 11(c)(1)(C) plea agreement once it accepts the agreement. *United States v. Catrell*, 774 F.3d 666, 670 (10th Cir. 2014). Further,

as we have already stated, the plea agreement specifically requested that Luster not be sentenced in accordance with any applicable guidelines range.

Having reviewed the plea agreement, the entire sentencing transcript, and the district court's statement of reasons, this court is convinced the foundation for the 180-month sentence was the parties' Rule 11(c)(1)(C) agreement and not the Guidelines. *See Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring) ("[I]n applying § 3582(c)(2) a court must discern the foundation for the term of imprisonment imposed by the sentencing judge."); *see also Luster*, 346 F. App'x at 355 (holding Luster's sentence was not affected in any way by his advisory guidelines calculation). Any seemingly contradictory statements made by the district court have been taken out of context by Luster or do not affect our analysis because they are mere references to the Guidelines. *Freeman,* 131 S. Ct. at 2697 (Sotomayor, J., concurring) ("[T]he mere fact that the parties to a [Rule 11(c)(1)(C)] agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon . . . ."). Likewise, the original statement of reasons does not control our decision because it conflicts with the unambiguous terms of the plea agreement which the Supreme Court has held must drive our analysis.[1]

---

[1]Because the district court's amendment of the statement of reasons does not affect our conclusion that the foundation of Luster's sentence was the Rule

(continued...)

The terms of the plea agreement clearly set out a specific term of imprisonment and do not tether that term to any guidelines range. The oral sentence pronounced by the district court unambiguously imposes sentence pursuant to that Rule 11(c)(1)(C) agreement. *See United States v. Villano*, 816 F.2d 1448, 1450-51 (10th Cir. 1987) ("It is a firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict.").

The district court's judgment is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1](...continued)
11(c)(1)(C) plea agreement, his challenge to that amendment is moot.